# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT SPITTLER, AN INDIVIDUAL,
Appellant,
vs.
KENNETH CRAIG, AN INDIVIDUAL;
PORTER SIMON, A FOREIGN
PROFESSIONAL CORPORATION; AND
PETER H. CUTTITTA, AN
INDIVIDUAL,
Respondents.

No. 65499

FILED

APR 04 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a legal malpractice action. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

On September 9, 2008, appellant Scott Spittler retained respondents Kenneth Craig, Porter Simon, P.C., and Peter Cuttitta (collectively Porter Simon) to represent him as counsel in a quiet title action against his neighbors. In connection with the quiet title action, Spittler recorded a lis pendens against his neighbors' property. The district court found Spittler liable for slander of title in his neighbors' counter-claim on April 21, 2010. Spittler appealed, and we affirmed the judgment of the district court. *Spittler v. Routsis*, Docket No. 56681 (Order of Affirmance, April 24, 2013).

Over three years from the date of the district court's finding of liability, on August 29, 2013, Spittler brought a legal malpractice claim against Porter Simon. He alleged, among other things, that they advised

16-10337

him to record the lis pendens. In response, Porter Simon moved for summary judgment. The district court granted summary judgment pursuant to NRS 11.207(1), concluding that Spittler's claim was untimely because he failed to bring it within two years of discovering the material facts constituting the cause of action.[1]

On appeal, Spittler argues that the district court erred by granting summary judgment because the litigation malpractice tolling rule under NRS 11.207(1) applies, delaying accrual while an appeal is pending, and rendering his legal malpractice claim timely. "This court reviews a district court's grant of summary judgment de novo." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (internal quotation omitted). Additionally, this court reviews questions of statutory interpretation de novo. *City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003).

---

[1]NRS 11.207(1) provides:

> An action against an attorney or veterinarian to recover damages for malpractice, whether based on a breach of duty or contract, must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier.

 

After the notice of appeal was filed, but before briefing was completed, this court issued *Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 130 Nev., Adv. Op. 68, 333 P.3d 229 (2014). The instant appeal presents the same issue squarely resolved in *Brady*. In accord with *Brady*, the litigation malpractice tolling rule applies, delaying accrual while an appeal is pending. *See id.* at 235. Therefore, Spittler's claim was timely filed. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Elliott A. Sattler, District Judge
       Laurie A. Yott, Settlement Judge
       Carl M. Hebert
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Washoe District Court Clerk